

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA A. BIRON, | § | |
| (BOP No. 12775-049) | § | |
| V. | § | CIVIL ACTION NO. 4:15-CV-205-A (BJ) |
| | § | |
| JODY UPTON, Warden, | § | |
| FMC-Carswell, et al. | § | |

## ORDER FOR INITIAL PARTIAL FILING FEE
(With Special Instructions to the Clerk of Court)

Came on for consideration Plaintiff's Application for Leave to Proceed *In Forma Pauperis*. The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners seeking to bring civil actions to pay an initial partial filing fee. The PLRA further requires prisoners thereafter to pay the balance of the full filing fee ($350.00).

The Court having considered the application in light of the PLRA, finds that the following order should be entered.

It is **ORDERED** that:

1. Plaintiff is granted leave to proceed pursuant to 28 U.S.C. § 1915.

[ ]  2. Plaintiff will not be assessed an initial partial filing fee because he lacks the requisite funds in his prison account to pay an initial fee; however, plaintiff will be required to pay the full filing fee of $350.00 pursuant to the PLRA.

[ X ]  3. An initial partial filing fee of **$29.91** shall be paid to the clerk of Court within thirty (30) days from the date of this Order.

Plaintiff is responsible for timely payment of the initial partial filing fee. If payment will be made from Plaintiff's inmate trust account, Plaintiff shall execute all consents and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawal from Plaintiff's inmate trust account .

Failure to pay the initial partial filing fee or to show that Plaintiff has insufficient assets or means by which to pay the initial partial filing fee within thirty (30) days may result in dismissal of

plaintiff's complaint without further notice under Federal Rule of civil Procedure 41(b). [1]

4. Service of process shall be withheld pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2).

5. All discovery in this case is stayed until an answer is filed or until further order.

6. No motions for appointment of counsel may be filed until the Court has completed its screening pursuant to 28 U.S.C. § 1915(e)(2), which may include a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), or such other proceedings deemed appropriate by the Court.

7. Plaintiff shall promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk of Court. Failure to file such notice may result in this case's being dismissed for want of prosecution.

**NOTICES TO PLAINTIFF:**

**a. Upon receipt of the initial partial filing fee, the Court, as required by the PLRA, will order the agency having custody of plaintiff to make monthly withdrawals from plaintiff's inmate account and forward them to the Court until the balance of the full fee is paid. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or such other reason that authorizes dismissal of the Complaint.**

**b. Where a state or federal lawsuit brought by an inmate is dismissed as frivolous or malicious, state law may require the forfeiture of good-conduct time credits as a sanction if the inmate brought the lawsuit (1) while in the custody of the Texas Department of Criminal Justice, or (2) while confined in a county jail awaiting transfer to the Department of Criminal Justice following conviction of a felony or revocation of community supervision, parole, or**

---

[1] The Prison Litigation Reform Act requires a prisoner who brings a civil action to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The Court of Appeals for the Fifth Circuit has held that 1915(b)(1) attaches fees upon the completion of a specific event, either the "filing of an appeal" or the "bringing of a civil action." *See generally Williams v. Roberts*, 116 F.3d 1126, 1127 (5th Cir. 1997)(holding that an appellate fee must be assessed at the moment of filing, regardless of whether the case is later dismissed). Thus, Plaintiff is explicitly informed that he is now responsible for payment of the full filing fee, no matter how this case is resolved, and even if the case is voluntarily dismissed or dismissed for lack of prosecution. An order regarding collection of the balance of the fee will subsequently issue.

mandatory supervision. See TEX. GOVT. CODE ANN. § 498.0045 (West 2012).

The Clerk of Court shall mail a copy of this Order to the inmate accounting office or other person(s) or entity with responsibility for assessing, collecting, and remitting to the court the interim filing fee payments on behalf of inmates, as designated by the facility in which Plaintiff is confined.

SIGNED March 19, 2015.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE