

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

Lisa A. Biron,
    Plaintiff

v.

Jody Upton, et al,
    Defendants

Civil Action No. 4:15-CV-205-O

## Motion for Leave to Supplement Complaint

Ms. Biron moves this Honorable Court for leave to supplement her Complaint under Federal Rule of Civil Procedure 15(d) and to add Federal Bureau of Prison ("FBOP") defendants under Federal Rule of Civil Procedure 19 or 20.

In March 2015, Ms. Biron filed this action against the present defendants in their individual and official capacities for damages, injunctive relief, and for declaratory judgment for their wrongful interference with Ms. Biron's contact with her family.  She brought these claims under the First, Fifth, and Eighth Amendments to the United States Constitution.

This Court dismissed her claims on a PLRA screening without service on the defendants.  Ms. Biron appealed the dismissal and the case was remanded by the Fifth Circuit.  The appellate court held that the dismissal was in error.  The appellate court instructed this Court to address whether Ms. Biron's claims under the First and Fifth Amendments were cognizable under Bivens in the first instance.

It also affirmed the dismissal of her "official capacity" claims, in

1

an arguably "slight-of-hand" way, because they were not briefed.  The case
sat on appeal for three (3) years.

In the mean time, the FBOP and its staff continue to bar Ms. Biron's
contact with her now-adult daughter illegally as there is no legitimate
penological purpose to sustain these actions.

Before this Court takes any action on remand, Ms. Biron requests
leave to supplement her complaint to bring new claims that have accrued
since the initial March 2015 filing.

Law and Analysis

Rule 15(d) of the Federal Rules of Civil Procedure provides that the
Court "may, on just terms, permit a party to serve a supplemental plead-
ing setting out any transaction, occurence, or event that happened after
the date of the pleading to be supplemented.  The court may permit supple-
mentation even though the original pleading is defective in stating a
claim or defense."[1]  Fed. R. Civ. P. 15(d).  Courts have allowed supple-
mentation where there is no prejudice to the defendant.  See Quarantino
v. Tiffany & Co., 71 F.3d 58 (2d Cir. 1995).  Rule 19 of the Federal
Rules of Civil Procedure requires a person to be joined as a party if
joinder does not destroy jurisdiction and if "in that person's absence,
the court cannot accord complete relief among existing parties."  Fed. R.
Civ. P. 19(a)(1)(A).

In the present case, justice is served by allowing the supplement-
al complaint.  Supplementation is appropriate because the claims in the

---

1  Ms. Biron believes that her initial Complaint stated several cogniz-
able claims and looks forward to the discovery process on remand.

2

Supplemental Complaint arose after the initial complaint was filed and are necessary for relief. Further, the FBOP staff who have engaged in the subsequent unconstitutional acts will be sued in their official capacity which will support Ms. Biron's demand for injunctive relief despite all of her initial "official capacity" claims being somehow dismissed. Supplementation of the complaint and joinder of these defendants is likewise necessary as the current defendants' transfer of Ms. Biron during this pending litigation has mooted her initial claims for injunctive relief. Joinder of the Acting Director of the FBOP is necessary to injunctive relief in the event of another surprise transfer of Ms. Biron.

In addition, Ms. Biron will supplement the facts necessary to correct the Court's erroneous finding that there is an active no-contact provision of any kind, from any court anywhere, that bars Ms. Biron's contact with anyone.

Finally, the defendants (old and new) are not prejudiced by allowing the Supplemental Complaint because the initial complaint was never even served on them, and they have not had the opportunity to file a responsive pleading of any sort.

Wherefore, Ms. Biron moves this Court for leave to supplement her Complaint to add the defendants, claims, and facts set forth in the accompanying Supplemental Complaint.

Respectfully submitted by

7/30/18
Date

Lisa Biron (12775-049)
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

Lisa A. Biron,
    Plaintiff

v.

FMC Carswell Warden Jody Upton,
Lauren Cimperman, Psy.D.,
Special Investigative Services
("SIS") Officer Wenger, SIS
Officer Kingsley, Disciplinary
Hearing Officer ("DHO") Valle,
Unit Disciplinary Committee
("UDC") Member W.L. Smithers,
UDC Member E. Smith-Branton,
Acting Director of the Federal
Bureau of Prisons Hugh Hurwitz,
FCI Waseca Warden Nanette
Barnes, FCI Waseca Unit Manager
D. Hiller, FMC Carswell Unit
Manager L. Cole-Rowls, FMC
Carswell Psychologist Leticia A.
Armstrong, FMC Carswell
Psychologist E. Dixon, FMC
Carswell Psychologist K. Willert,
    Defendants.

Civil Action No. 4:15-CV-205-O

SUMMONS

**TO THE ABOVENAMED DEFENDANTS:**

You are hereby summoned and required to serve upon Plaintiff, whose address is FCI Waseca, P.O. Box 1731, Waseca, MN 56093, an answer to the Complaint and Supplemental Complaint which is herewith served upon you, within sixty (60) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and Supplemental Complaint.

_____
Date

_____
Clerk of Court

**Lisa A. Biron**
Reg. # 12775-049
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

Clerk of Court                                              July 30, 2018
U.S. District Court
Northern District of Texas
501 West Tenth Street, Rm 310
Fort Worth, TX 76102-3673

Re: <u>Biron v. Upton, et al</u>, no. 4:15-CV-205-O
        (Fifth Cir. Case no. 15-10684)

Dear Clerk:

The abovecited case has been sent back to this Court on remand by the
Fifth Circuit.  The Mandate should issue on or about August 2, 2018.

Wherefore, I have enclosed for filing with the Court my Motion for Leave
to Supplement Complaint, my Verified Supplemental Complaint, and Summons.

I request that you file and serve upon the Defendants the Supplemental
Complaint, Original Complaint, and Summons before the Court takes any furth-
er action in this case.

Please note, I was granted <u>in forma pauperis</u> status at the outset of this
case, and the filing fee has been paid in full.

Thank you for your prompt attention to this matter.

Sincerely,

*Lisa Biron*

Lisa Biron

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Lisa A. Biron,<br>    Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:15-CV-205-O |
| | ) | |
| Jody Upton, et al,<br>    Defendants | ) | |
| | ) | |

## Verified Supplemental Complaint

### I.  Jurisdiction & Venue

1.   Plaintiff, Lisa A. Biron, brings the within supplemental claims for damages under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) to redress the deprivation, under color of federal law, of rights secured by the Constitution of the United States.  To wit, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).  She also seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive relief under 28 U.S.C. § 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.   The Northern District of Texas remains an appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to these claims occurred and where the original Complaint was filed, which was dismissed in error and remanded by the Fifth Circuit Court of Appeals.

### II.  Plaintiff

3.   As in the original Complaint, Lisa A. Biron is the Plaintiff.  She

1

was confined in Federal Medical Center ("FMC"), Carswell, Texas until
she was unexpectedly transferred to her current location at Federal Cor-
rectional Institution, Waseca, Minnesota in February 2018.

### III.   Defendants

4.   Along with the original Defendants named in the original Complaint,
Ms. Biron names the following defendants.

5.   Defendant Hugh Hurwitz is the Acting Director of the Federal Bureau
of Prisons ("FBOP").  He is legally responsible for enacting and enforc-
ing policy for the FBOP, and for protecting the Constitutional rights
of all its inmates.

6.   Nanette Barnes is the Warden of FCI Waseca.  She is legally respons-
ible for the operations of FCI Waseca and for protecting the Constitution-
al rights of all inmates housed there.

7.   D. Hiller is a unit manager and correctional officer at FCI Waseca.

8.   L. Cole-Rowls is a unit manager and correctional officer at FMC Cars-
well.

9.   K. Willert is a psychologist and correctional officer at FMC Cars-
well.

10.  E. Dixon is a psychologist and correctional officer at FMC carswell.

11.  Leticia A. Armstrong is a psychologist and correctional officer at
FMC carswell.

12.  Defendants Hugh Hurwitz, Nanette Barnes, and D. Hiller are sued in
their official capacity.

13.  Defendants L. Cole-Rowls, K. Willert, E. Dixon, and Leticia Armstrong
are sued in their individual and official capacities.

14. At all times mentioned herein, each Defendant acted under color of federal law.

### IV. Supplemental Claims

15. Together with all of the original claims in the original Complaint that have survived on remand, Ms. Biron brings the additional supplemental claims that have occurred since the original Complaint was filed in March 2015.

16. On or about September 25, 2015, E. Dixon conducted a targeted search of Ms. Biron's locker and removed a 144-page manuscript draft and notes written by Ms. Biron that contained the documentation and information from her Biblical studies and research on the Christian view of sexual morality. It is Ms. Biron's sincerely held religious belief that she was to research, pray about, and study the Bible concerning God's view on sexual morality and to record these conclusions in writing, and that this process is part of her practice of her Christian faith and self-improvement process. E. Dixon's act of removing this document from Ms. Biron's possession violated her rights under the First Amendment's Free Exercise Clause and Freedom of Expression Clause; the Religious Freedom Restoration Act (42 U.S.C. §§ 2000bb et seq.); and the Fifth Amendment to the United States Constitution.

17. On or about October 15, 2015, L. Armstrong permanently confiscated the 144-page manuscript in violation of the First Amendment's Free Exercise Clause and Freedom of Expression Clause; the Religious Freedom Restoration Act (42 U.S.C. §§ 2000bb et seq.); and the Fifth Amendment to the United States Constitution.

18. On or about October 15, 2015, at the same time the manuscript was

confiscated, L. Armstrong imposed a revised Correctional Management Plan (CMP) that, inter alia, forbade Ms. Biron's contact with her daughter R.B. in violation of the First and Fifth Amendments to the United States Constitution.

19.  On May 4, 2016, Ms. Biron's daughter R.B. turned 18 years-old.  On or about May 4, 2016, Ms. Biron again requested that all restrictions and bars to contact with R.B. be removed.  Unit Manager L. Cole-Rowls and Warden Jody Upton refused to remove the FBOP-imposed bar to contact with R.B. in violation of the First and Fifth Amendments to the United States Constitution.

20.  On June 9, 2016, L. Armstrong and K. Willert renewed and re-imposed the CMP barring Ms. Biron's contact with her now adult-daughter R.B. in violation of the First and Fifth Amendments to the United States Constitution.

21.  On July 19, 2016, L. Armstrong and Wenger (named in original Complaint) conspired together to issue and did in fact issue an incident report against Ms. Biron wherein they claimed that Ms. Biron asked a family member, over the phone, to write a letter on Ms. Biron's behalf to R.B. This allegation by Armstrong and Wenger was blatantly false.  Therefore, the Disciplinary Hearing Officer ("DHO"), after listening to the recorded phone call, expunged the incident report at the DHO hearing.  Armstrong's and Wenger's corrupt actions interfered with Ms. Biron's lawful right to contact her daughter R.B. and caused her severe emotional distress which manifested physically in panic attacks and upset stomach because they caused Ms. Biron to endure a disciplinary hearing which threatened SHU-time and loss of good conduct time.  These actions violated Ms. Biron's

4

First, Fifth, and Eighth Amendment rights under the United States Constitution.

22.  On or about December 20, 2016, Ms. Wenger interfered with Ms. Biron's lawful contact with her ex-husband Mike Biron when Wenger issued an incident report to Ms. Biron that falsely claimed that Ms. Biron had violated a no-contact order between her and Mike Biron by sending a letter to Mike Biron.  This allegation was false as there was not a no-contact order in place.  Wenger's actions caused extreme emotional distress which manifested physically in panic attacks and upset stomach as, once again, Ms. Biron was forced to endure another prison disciplinary hearing that threatened SHU-time and loss of good conduct time.  This incident report was also expunged because the accusations were false and no bar to contact with Mike Biron existed.  These actions violated Ms. Biron's First, Fifth, and Eighth Amendment rights under the United States Constitution.

23.  Since Ms. Biron's transfer to FCI Waseca, she has requested that the illegal bar to contact with her daughter R.B. be removed.  Warden Nanette Barnes and Unit Manager D. Hiller have refused to remove the bar to Ms. Biron's contact with her daughter in violation of the First and Fifth Amendments to the United States Constitution.

24.  Acting Director Hugh Hurwitz has allowed this unconstitutional policy and practice by staff in interfering with Ms. Biron's lawful contact with her daughter as this interference has occurred at Danbury FCI, CT; FMC Carswell, TX; and, now, FCI Waseca, MN in violation of the Constitution and laws of the United States.

25.  The Defendants have no legal basis for restricting Ms. Biron's contact with her daughter R.B.  When R.B. was a minor, her guardian did not

5

request a bar to contact with Ms. Biron.  As an adult, R.B. has not requested a bar to contact with Ms. Biron.  Nor is there a no-contact provision in Ms. Biron's federal sentence to bar contact.  Further, there is not a no-contact order from any court, in any state to bar Ms. Biron's contact with R.B.

26.  In dismissing the original Complaint, this Court quoted language from an old, closed, sealed[1] juvenile dispositional hearing (case no. 656-2012-JV-326) to justify the Defendants' actions in violating Ms. Biron's right to contact with her daughter R.B.

27.  The actual Defendants themselves, having never had the opportunity to see the original Complaint or file any responsive pleading, do not even suggest that their actions are justified by the December 4, 2012 review hearing order from a closed and sealed case file.

28.  To guard against another wrongful sua sponte dismissal of her claims, Ms. Biron has included a copy of her Reply Brief filed in the appeal of this case, and hereby incorporates said pleading by reference.  Therein, in sections II and IV, Ms. Biron dispells this clearly erroneous notion that the obsolete 2012 "Order" is active or valid.  That this long obsolete and void order was quoted by this Court in the habeas case[2] does not change the fact that it is of no effect and does not excuse the Defendants'

_____

1 Ms. Biron ponders what her legal recourse is for the Courts' and AUSAs' publication of information from this sealed file.  Information from the sealed case has now been quoted in two (2) of this Court's public opinions, quoted by the Fifth Circuit in its opinions, quoted by AUSA Brian Stolz in his appellate brief, and entire documents published by AUSA Angie Henson in her Appendix to the habeas case appellate brief.
2 It is important to note that, while the Court quoted the obsolete order, it never found that the provision was in effect; and the validity of the provision was not relevant to its findings in the habeas case.

continued and relentless violations of Ms. Biron's Constitutional right to contact with her daughter. There is no bar to contact between R.B. and Ms. Biron from any court. The bar is self-imposed by the Defendants who cannot justify a penological purpose for imposing what is an FBOP-added punishment to Ms. Biron's federal sentence.

29. Ms. Biron has the right to try to reconcile with her adult daughter.

## V. Remedies

30. Ms. Biron seeks compensatory and punitive damages against the Defendants sued in their individual capacity.

31. Ms. Biron's remedy at law to redress these wrongs described herein is, however, inadequate and incomplete (especially if the Court determines a _Bivens_ action will not lie). Ms. Biron has been, and will continue to be, irreparably injured by the conduct of the Defendants unless this Court grants declaratory and injunctive relief.

## VI. Prayer for Relief

WHEREFORE, along with the relief requested in the original Complaint, Ms. Biron requests this Honorable Court:

32. Grant her a declaration that the acts and omissions described herein violate her rights under the United States Constitution, the Religious Freedom Restoration Act, and the laws of the United States.

33. Grant a preliminary and permanent injunction estopping Defendants from interfering with Ms. Biron's contact and association with her daughter R.B.

34. Grant a preliminary and permanent injunction ordering Defendants to return Ms. Biron's 144-page manuscript to her.

35. Award Ms. Biron compensatory and punitive damages against the Defend-

7

ants sued in their individual capacity.

36.   Grant Ms. Biron her costs and fees incurred for prosecuting this law suit.

37.   Grant such other relief as this Court deems just and equitable.

Respectfully submitted

7/30/18
Date

*Lisa Biron*
Lisa Biron (12775-049)
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

### Verification

I hereby swear, under penalty of perjury, that the matters and facts alleged in the foregoing Supplemental Complaint are true and correct.

7/30/18
Date

*Lisa Biron*
Lisa Biron

Exhibit to Supplemental Complaint

No. 15-10684

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

Lisa Biron,
Plaintiff-Appellant

v.

Jody Upton, Warden, FMC Carswell, et al.,
Defendants-Appellees

---

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
District Court No. 4:15-CV-205-O

---

REPLY BRIEF FOR APPELLANT

---

Lisa Biron, Esq.
Reg. # 12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

## Table of Contents

I.    Introduction  ..................................   1

II.   There Is No Court Order Barring Contact  ......   1

III.  Ms. Biron's Administrative Remidies are
      Exhausted and Her Claims are Not Heck-
      Barred  .......................................   4

IV.   The Habeas Court Did Not Find that A
      No-Contact Order Existed and It Was
      Error to Take Judicial Notice of the
      State Order or the Habeas Proceeding  .........   6

V.    Conclusion  ...................................   7

I.   Introduction

That there is a need to start this "summary judgment"-
type argument at the appellate court level strongly sup-
ports Ms. Biron's position that the district court erred
in dismissing her claims on a PLRA screening without having
served the Defendants.   Nevertheless, Ms. Biron will add-
ress the Appellees' faulty arguments and correct their
material misstatements of fact so the record is accurate
before this Court.

II.   There Is No Court Order Barring Contact

The Appellees[1] are mistaken that there is a State of
New Hampshire court order barring contact between Ms. Biron
and her daughter.   To support this contention, the district
court (and, now, the Appellees) points to language from a
December 2012 DCYF-Juvenile Dispositional Review Hearing
Order.

But this document has been replaced by subsequent,
updated review hearing orders, none of which are in effect
any longer.   This is because, once the juvenile is perm-
anently placed,[2] and the proceeding is over, the file is
sealed, and none of the provisions in any of these review
hearing documents is of any effect any longer.   Further-
more, nothing in this juvenile matter is a matter of public

---

1 The actual FMC Carswell Defendants have never suggested to Ms. Biron
that they are enforcing a N.H. State court order barring contact.   This
mistaken belief appears to have originated from a 2013 DHO proceeding in
Danbury, CT, and is now being hailed as an "explicit bar" to contact.
2 Ms. Biron's daughter was permanently placed in the custody of her father
in July 2013.   She will be 19 years-old this month.

record, and the entire proceeding is eligible for expunction after one (1) year.  See N.H.R.S.A. 169-C.

It is apparent by a simple reading of the order that it is outdated because the "explicit bar" that the Appellees and district court refer to is the recitation of Ms. Biron's state bail conditions from the state criminal case that had already been nolle prossed before the December 2012 order.[3]  Remarkably, the Appellees claim that the provision is "clearly not a recital of [Ms. Biron's bail conditions], but instead represent[s] the New Hampshire Court's own orders."  (Appellees' Br. at 14-15, 15 n.5 emphasis added).  The Appellees are clearly mistaken. The document states, "Lisa Biron shall comply with all bail conditions and shall not contact or attempt to contact [her daughter] either directly or indirectly . . . ." (State Order at 7.)

The other clause from the December 2012 order that is quoted by the district court and the Appellees states,

_____

3 The state criminal case was nolle prossed in November 2012 shortly after Ms. Biron's federal arrest.  That the bail language appeared in the December 2012 review hearing order at all was a typographical error.  The December 2012 hearing was the second review hearing in the DCYF juvenile matter; the first occurred in October 2012, after the state arrest.  Review hearing orders in these juvenile matters are generally produced at three (3) month intervals for use at the recurring dispositional review hearings.  See N.H.R.S.A. 169-C.  The same template from the prior hearing's order (in this case, the October 2012 order) is used, updates are made, and, as in this case, the bail condition language was accidentally left in the document when it should have been deleted.  There were at least two subsequent "orders" that replaced the December 2012 order.  A typographical error in an obsolete document is not an "explicit bar" to contact.

2

"Lisa Biron shall have no contact with [her daughter]
including third party contact except that as may be deemed
appropriate by and monitored by DCYF." (Id.)  Addition-
ally, in this same document there is a provision allow-
ing supervised visitation with Ms. Biron upon agreement
with the therapist. (Id. at 5.)  These provisions that
allow Ms. Biron contact and visitation with her daughter
at the discretion of a DCYF-social worker and therapist
are, clearly, not an "explicit bar" to contact.  Further,
these discretionary contact and visitation provisions be-
came void entirely by July 2013 once Ms. Biron's daughter
was placed permanently in the custody[4] of her father,
Michael Biron, in Virginia.

Moreover, had the state court issued a no-contact
order between Ms. Biron and her daughter, it would be re-
flected in part II, section C of the document. (Id.)
This section is captioned "Orders of Protection" and speci-
fically requires that an Order of Protection Form, NHJB-
2255-DF,[5] be completed to effectuate such an order. (Id.)

---

4 The extent of Appellees' misinterpretation of the December 2012 docu-
ment is apparent by their representation that Ms. Biron was "stripped
of her parental rights" by this document. (Appellees' Br. at 14.)
Ms. Biron, however, was not "stripped" of her parental rights at any
time, nor did DCYF move to terminated them.
5 Presumably this form is required because it would be a matter of
public record to serve as notice, whereas the review hearing orders in
these juvenile proceedings are not public records.

In sum, no provision in the December 2012 order or in
any of the multiple review hearing orders from this juve-
nile dispositional matter remain in effect. And even if
the December 2012 order was valid, there is no provision
in the order that is an "explicit bar" to contact.

### III. Ms. Biron's Administrative Remedies are Exhausted and Her Claims are Not Heck-Barred

Ms. Biron has exhausted all of her administrative rem-
edies ("ARs") related to her instant claims and non-exhaust-
ion of ARs related to her DHO convictions are completely
irrelevant here. As stated in her Brief and in her orig-
inal Complaint, Ms. Biron does not challenge any DHO con-
victions or the loss of good conduct time ("GCT") in this
action; they are challenged in a separate habeas action.[6]
Nevertheless, it is worth mentioning that the ARs related
to the June 2014/November 2014 DHO conviction have, subse-
quentially, been exhausted.

Likewise, as set forth in her Brief (at 12-13), Ms.
Biron's claims are not Heck-barred. Appellees claim that
Ms. Biron's argument that the UDC members' actions are
"not convictions for purposes of Heck" is "unavailing."
Appellee states that Ms. Biron "did lose good-time credit
in connection with the other proceedings." (Appellees' Br.
at 21-22.) Appellees then refer to two disciplinary pro-

---

6 This Court affirmed the judgment of the Northern District of Texas
that dismissed her habeas petition, in part, for non-exhaustion of her
ARs. (No. 15-10607.) Her petition for a writ of certiorari was mail-
ed to the Supreme Court on April 24, 2017.

ceedings that occurred in Danbury, CT, FCI in November 2013 and February 2014 which resulted in loss of GCT. But her instant claims did not arise in Connecticut and she has not named anyone from Danbury as a defendant in this case. Appellant is apparently confusing these Danbury disciplinary proceedings with the UDC members' actions challenged in this case. And, as correctly argued in her Brief, the UDC actions did not and cannot result in the loss of GCT, and are, therefore, not convictions under Heck.

In addition, for the reasons stated in her Brief, the claims involving the June 2014 interference with Ms. Biron's contact with her daughter and Ms. Biron's father[7] are not Heck-barred because they will not effect her November 2014 DHO conviction for circumvention of mail monitoring which was not based on the existence of a no-contact order.

Moreover, Appellees' contention that Ms. Biron argued "there was not a no-contact order" as a defense at the November 2014 re-hearing is untrue. Ms. Biron argued

-------------------------

7 Appellees have incorrectly stated that Ms. Biron mailed letters addressed to her ex-husband that contained letters for her daughter. This is false. Appellees appear to be confusing the facts from the November 2014 DHO conviction. Ms. Biron mailed a file-copy of a letter, that was previously mailed to her daughter, to Ms. Biron's father (her Power of Attorney) Michael Bonczar. The claims brought against Defendants for interfering with her mail to her ex-husband, Michael Biron, are completely unrelated to contact with her daughter.

nothing at this re-hearing because she was not invited to the hearing and did not know it had occurred until she was issued a revised DHO report that stated she had been found guilty based on different facts than the original June 2014 conviction.[8]  Consequently, a favorable ruling in the present case on the claims involving the June 2014 incidents will not necessarily invalidate the November 2014 DHO conviction, and are, therefore, not barred by Heck.

> IV.   The Habeas Court Did Not Find that A
>        No-Contact Order Existed and It Was
>        Error to Take Judicial Notice of the
>        State Order or the Habeas Proceeding

The Appellees' and the district court's reliance on the habeas case is misplaced.  The only finding that the habeas court made on the merits[9] was that there was "some evidence" to support the DHO's conclusion that Ms. Biron wrote a letter in code (which, incidentally, she did not) in October 2013.  The habeas court quoted, in part, the language from the December 2012 review hearing order, but it made no finding regarding the validity of a no-contact order or an "explicit bar" to contact.

And while Appellees are correct that a court may take judicial notice of matters of public record, the DCYF juven-

---

8 At the June 2014 DHO hearing, prison officials claimed that a magistrate's pre-trial order was still active to bar contact with Ms. Biron's daughter. Ms. Biron argued, in her defense, that this was not possible as pre-trial orders expire after the trial is over, and magistrates cannot issue injunctions.  Neither the original June 2014 conviction, nor the November 2014 re-conviction was based on the NH State order.
9 The merits of Ms. Biron's other habeas claims were not addressed, but were dismissed for non-exhaustion of ARs.  See supra n.6.

ile dispositional order is <u>not</u> a matter of public record. Juvenile dispositional hearings and related orders, such as the one at issue here, are not open to the public and are not matters of public record.  This is not because of the salacious reasons imagined by opposing counsel in footnote 5 of Appellees' brief, but because these dispositional proceedings involve juveniles.

And regardless, as explained in section II above, the state document did not contain an explicit bar to contact and no "orders" from these proceedings remained in effect once the matter was closed (i.e., finished, over, concluded).

V.   Conclusion

This Court is <u>not</u> the fact-finder.  It should reverse the district court's judgment, remand the case, and instruct the district court to allow the Plaintiff thirty (30) days to either supplement or amend her complaint for service on the Defendants.

Respectfully submitted

_5/1/2017_
Date

_Lisa Biron_
Lisa Biron # 12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

7

## Certificate of Service and Timely Filing

I hereby swear, under penalty of perjury, that four (4) copies of this Reply Brief were mailed to the Fifth Circuit Court of Appeals via U.S. Mail, first-class postage pre-paid, by depositing said documents in the inmate legal mail system on this date, and that a copy of same was mailed to AUSA Brian W. Stoltz.

5/1/2017
Date

Lisa Biron
Lisa Biron

Lisa Biron
12775-049
Federal Correctional Institut
P.O. Box 1731
Waseca, MN 56093


CERTIFIED MAIL

7018 0040 0000 3035 8993



Minneapolis MN 554
MON 30 JUL 2018
PM □

US DISTRICT COURT
FT WORTH DIVISION
2018 AUG -2 PM 1: 06
CLERK OF COURT

⇔12775-049⇔
Us District Court
Clerk of Court
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States

Mailed
7/30/18