CTJ

**FILED**
**August 10, 2018**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

4:15-CV-205-O

No. 15-10684

United States Court of Appeals
Fifth Circuit
**FILED**
June 18, 2018
Lyle W. Cayce
Clerk

LISA A. BIRON,

      Plaintiff - Appellant

v.

JODY UPTON, Federal Medical Center Carswell Warden; LAUREN CIMPERMAN, Psy. D.; FNU WENGER, Special Investigative Services Officer; FNU KINGSLEY, Special Investigative Services Officer; FNU VALLE, Disciplinary Hearing Officer; W. L. SMITHERS, Unit Disciplinary Committee Member; E. SMITH-BRANTON, Unit Disciplinary Committee Member,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-205

---

Before OWEN, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

    Lisa Biron is an inmate in a federal correctional facility in Texas. Her minor daughter was the victim of her offense. Biron filed suit against various prison officials for interfering with her claimed constitutional right to contact

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her daughter. She seeks damages, injunctive relief to allow her to contact her daughter, and other relief. The district court dismissed Biron's complaint with prejudice. While expressing no view on the validity of the district court's ruling, we conclude the case should not have been *sua sponte* dismissed with prejudice. We AFFIRM in part, VACATE in part, and REMAND for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Biron is incarcerated at the Federal Medical Center–Carswell ("FMC–Carswell") in Texas. The district judge who considered her claims for damages in this case had also resolved her earlier habeas petition for relief from the disciplinary sanctions that were imposed on her for trying to contact her minor daughter. *See generally Biron v. Upton*, 670 F. App'x 869 (5th Cir. 2016). The district court considered some of the evidence from the earlier proceedings in the present case. There was no error in the court doing so. *See, e.g.*, *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 410 (5th Cir. 2010).

Our factual recitation is taken from Biron's complaint, which for now we accept as true. *See Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016). On June 30, 2014, Officer Wenger intercepted and confiscated two of Biron's outgoing letters. The first was addressed to Biron's daughter, R.B., and the second to Biron's father, Michael Bonczar. Officer Lauren Cimperman said Biron would be placed on a correctional management plan for attempting to contact R.B. Working with Officer Kingsley, Officer Cimperman attempted to impose that plan. Biron was later disciplined by Disciplinary Hearing Officer ("DHO") Valle for attempting to send the letters. Jody Upton, the warden at FMC–Carswell, also issued a "Restricted Correspondence Notification" that barred Biron from sending mail to R.B.

No. 15-10684

On November 19 and November 30, Officer Wenger again seized two of Biron's outgoing letters. These were addressed to Biron's ex-husband, Michael Biron. Officer Wenger told Biron that she could no longer send mail to Michael Biron. Biron notified Warden Upton that officials confiscated her mail. Warden Upton did not intervene and directed the prison officials to block Biron's future mailings to Michael Biron. Warden Upton and Officer Wenger also blocked specific phone numbers on Biron's call list, which further constrained Biron's ability to contact Michael Biron and R.B.

On January 28, 2015, Officer Cimperman issued a disciplinary report against Biron because she asked a family member to relay a question to R.B. On February 24, Officer Cimperman issued a second disciplinary report because Biron asked the family's pastor to contact R.B. Biron claims that as a result, two Disciplinary Committee members gave her undescribed punishment: Smith-Branton for both of the reports and Smithers for the February 24 report.

Biron claimed that these events violated her First, Fifth, and Eighth Amendment rights under the United States Constitution. She sought nominal and punitive damages from Warden Upton, Officer Cimperman, and DHO Valle under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). She also sought to have prison officials enjoined from "interfering with [her] association and communication to her daughter R.B. and the others named" in the complaint, a declaration that her rights under the Constitution and laws of the United States had been violated, and a transfer to a correctional facility in the "Northeast Region."

The district court reviewed Biron's complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The defendants were not served with the complaint and filed no pleadings. The district court took judicial notice of the record from the previous habeas case, where we affirmed

3

the court's denial of relief. *See Biron*, 670 F. App'x at 870. Because Biron's claims were "intertwined with the Court's resolution of some of the claims in the habeas case," the district court found it appropriate to rely on what was in the habeas record about the conviction and the no-contact orders. This is the court's summary:[1]

> [Biron] was charged in the United States District Court for the District of New Hampshire with transportation of a minor with intent to engage in criminal sexual activity, sexual exploitation of children, and possession of child pornography. All charges involved her minor daughter, R. B.
>
> On December 4, 2012, before the criminal trial, the 9th Circuit- Family Division Court of Manchester, New Hampshire, ordered that [Biron] "shall not contact or attempt to contact R. B. either directly or indirectly" and "shall have no contact with R. B. including third party contact except that as may be deemed appropriate by and monitored by DCYF." Also, on January 3, 2013, before the criminal trial, the convicting court, as an addendum to its detention order, ordered that [Biron] "shall have no contact (either direct or indirect) with the minor victim between now and the resolution of this case."
>
> Following her convictions, [Biron] appealed, but, on November 14, 2014, the First Circuit affirmed the judgment of the convicting court, and, on March 23, 2015, the Supreme Court denied a petition for writ of certiorari. [Biron] continues to serve her combined 480-month term of imprisonment.

The district court *sua sponte* denied all relief and dismissed the suit with prejudice. Prior to dismissal, the court did not require the defendants to respond nor offer an opportunity to Biron to replead. Biron timely appealed, and the district court allowed her appeal *in forma pauperis*. At our request, the United States Attorney for the Northern District of Texas filed a response

---

[1] We have omitted the district court's citations and have divided the summary into three paragraphs.

Case: 15-10684    Document: 00514593945    Page: 5    Date Filed: 08/10/2018
Case 4:15-cv-00205-P   Document 24   Filed 08/10/18   Page 5 of 6   PageID 117

No. 15-10684

in this court on behalf of the defendants in their official capacities. We appreciate that assistance.

## DISCUSSION

A district court is to dismiss an *in forma pauperis* prisoner complaint if at any time it determines that the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii); *see also id.* § 1915A(b)(1). "A complaint is frivolous if it lacks an arguable basis in law or fact." *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). A complaint fails to state a claim if, "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 240 (5th Cir. 1999).

On appeal, Biron has explicitly abandoned her Eighth Amendment claims. Biron has also abandoned any argument about the district court's dismissal of her claims against the defendants in their official capacity because she did not brief those either. *See, e.g.*, *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007).

Also not brought to us in briefing, but not addressed in the district court either, is the foundational issue of whether *Bivens* even applies to Biron's specific claims. "Since *Bivens*'s inception [in 1971], the Supreme Court has only extended *Bivens* beyond the deprivation of Fourth Amendment rights on two occasions: for violations of the Fifth Amendment Due Process Clause for gender discrimination . . . and for violations of the Eighth Amendment prohibition against cruel and unusual punishment." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017) (citing *Davis v. Passman*, 442 U.S. 228 (1979) and *Carlson v. Green*, 446 U.S. 14 (1980)). Still alive because she has briefed them on appeal are a First Amendment and a substantive due process claim under the Fifth Amendment. If those are new contexts to which *Bivens* has not yet

been applied, the need arises to analyze whether *Bivens* should be extended to such claims. *See id.*

We do not resolve that issue, both due to the absence of prior consideration and because we are remanding due to the following reversible error. Though the district court's authority to dismiss is clear, we have emphasized that it is often error to enter a *sua sponte* dismissal without notice and an opportunity for a plaintiff to correct the defects in her pleadings:

> The district court dismissed Brown's complaint *sua sponte*, with prejudice and without notice and an opportunity to respond. When a party like Brown proceeds *in forma pauperis*, the district court has the power on its own motion to dismiss the case for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii). But this power is cabined by the requirements of basic fairness: a district court may only dismiss a case *sua sponte* after giving the plaintiff notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond.

*Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). We did hold that a *sua sponte* dismissal could be appropriate if the order is without prejudice or if the plaintiff clearly has alleged her best case. *Id.* The dismissal here was with prejudice, and generally it is improper to declare that no better pleading can be offered when the plaintiff has not yet had an opportunity to replead. *See id.*

We AFFIRM the dismissal of the Eighth Amendment claim and all official capacity claims against the defendants. Expressing no opinion on the merits of the remainder of Biron's complaint, we VACATE the order of dismissal of those claims with prejudice and REMAND for further proceedings.

6