IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA BIRON,<br>(BOP No. 12775-049)<br><br>　　　　　Plaintiff,<br>V.<br><br>JODY UPTON, Warden,<br>FMC-Carswell, et al.<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:15-cv-205-O |

**ORDER DISMISSING MOTIONS FILED PRIOR TO MANDATE and
ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

In this civil lawsuit, Plaintiff Lisa A. Biron, then an inmate at the Bureau of Prisons' FMC-Carswell facility, filed a complaint naming as defendants Warden Jody Upton; Disciplinary Hearing Officer Valle; Lauren Cimperman, correctional officer; Ms. Wenger and Ms. Kingsley, special investigative services officers; and Ms. W.L. Smithers and Ms. E. Smith-Branton, members of the Unit Disciplinary Committee at FMC-Carswell. Compl. 2, ECF No. 1. Biron asserted claims against the named defendants in individual and official capacities, and asserted claims under the First Amendment, Fifth Amendment, and Eighth Amendment. *Id.* 2–6. In an order and judgment entered on June 16, 2015, the Court dismissed all claims with prejudice under authority of the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Order 1-13, ECF No. 13. Biron appealed.

**I.　　APPEAL AND REMAND**

On appeal, the United States Court of Appeals for the Fifth Circuit issued an opinion noting "[w]hile expressing no view on the validity of the district court's ruling, we conclude the case should not have been *sua sponte* dismissed with prejudice." *Biron v. Upton, Et Al.*, No.15-10684, 2018 WL 3031427, at *1 (5th Cir. June 18, 2018). It affirmed the dismissal of Biron's Eighth Amendment claim and all official capacity claims, but vacated the dismissal of the remaining claims and remanded for

further proceedings. The Fifth Circuit noted that although "a *sua sponte* dismissal could be appropriate if the order is without prejudice or if the plaintiff clearly has alleged her best case . . . [t]he dismissal here was with prejudice, and generally it is improper to declare that no better pleading can be offered when the plaintiff has not yet had an opportunity to replead." *Id.* *3 (citing *Brown v. Taylor,* 829 F.3d 365, 370 (5th Cir. 2016)). Although the opinion issued on June 18, 2018, the mandate did not issue until August 10, 2018. Fifth Circuit's Judgment/Mandate, ECF Nos. 23, 23-1. Only upon the receipt of the judgment and mandate from the court of appeals was this case then reopened on the docket.

## II.   MOTIONS FILED WHILE COURT LACKED JURISDICTION

Before the issuance of the mandate, Biron filed a letter/motion seeking a refund of the appellate filing fees assessed under the Prison Litigation Reform Act ("PLRA") (ECF No. 21), and she filed a motion for leave to supplement her complaint with a proposed supplemental complaint (ECF No. 22). The Supreme Court has held that jurisdiction between federal appellate and district courts shall not be shared simultaneously. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *United States v. Ayika*, 2014 WL 1237478 (W.D. Tex. Mar, 25, 2014). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58 (citations omitted). Accordingly, a district court does not reacquire jurisdiction until the court of appeals has issued its mandate, following disposition of petitions for rehearing or for Supreme Court review. *United States v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979); *United States v. Ayika*, 2014 WL 1237478, at *3. Biron filed these motions before the Fifth Circuit issued its mandate, and as such, at a time when this Court did not have jurisdiction to consider them. Plaintiff's motions filed while this Court lacked jurisdiction must therefore be dismissed without prejudice for

lack of jurisdiction.

## III. AMENDMENT OF EXISTING COMPLAINT

Biron initiated this suit on March 18, 2015 with a typed, six-page complaint, with the paragraphs numbered sequentially from 1 through 35. Compl. 1-6, ECF No. 1. That pleading states this Court's jurisdiction and venue, the parties, Biron's claims and facts in support of those claims, the remedies sought, and a prayer for relief. *Id.* Biron also filed a document on June 3, 2015 entitled "Motion to Amend Complaint to Request Emergency Temporary Restraining Order," but she did not seek to amend the complaint and simply urged the Court to review her existing complaint:

> The Plaintiff has stated a prima facie case of multiple civil rights violations in her initial complaint. The complaint was initially screened by the Court in order to grant the Plaintiff in forma pauperis status. And being an attorney herself, the Plaintiff can not fathom why her law suit has not yet been sufficiently screened, the Defendants served, and a preliminary injunction issued.

Mot. TRO, ECF No. 12. Thus, Biron, noting that she was an attorney, did not then seek for the Court to allow her to amend.

The Fifth Circuit's opinion held that it is "generally improper to declare that no better pleading can be offered when the plaintiff has not yet had an opportunity to replead." *Biron v. Upton, Et Al.*, 2018 WL 3031427, at *3. Thus, the Court now finds that Biron has the opportunity to file an amended complaint to restate the facts, existing parties, and claims made the basis of her original complaint along with any additional facts or information in support or her existing claims under the First and Fifth Amendments against the previously named parties. Biron may also include any additional facts or information that addresses the Court's prior analysis of her complaint. Further, as the court of appeals noted that the Court may need to consider the preliminary issue of whether *Bivens* applies to Biron's claims, Biron is informed of the opportunity to address this issue in an amended complaint. As the court of appeals affirmed this Court's dismissal of Biron's claim under the Eighth Amendment

3

and all official capacity claims, she cannot re-assert those claims in her amended complaint. Moreover, an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect. *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986). Thus, Biron is cautioned to include in any amended complaint, all of the facts, parties, claims and relief sought in her original complaint (other than the dismissed claims).

As noted, the Court has dismissed on jurisdictional grounds a motion filed by Biron related to a proposed supplement to her complaint. The Court observes that the proposed pleading was not an amended complaint in support of Biron's existing claims against the parties already before this Court and the court of appeals. The mandate of the court of appeals directed this Court to allow Plaintiff to amend the existing claims asserted against the existing parties, and such mandate did not anticipate or authorize any further expansion of the claims and parties pending in this suit. A district court "must comply strictly with the mandate rendered by the reviewing court" and "may not deviate" from the appellate court's mandate. *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001); *see also United States v. Rivera–Martinez*, 931 F.2d 148, 150 (1st Cir. 1991) ("When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it *must* be followed by the trial court on remand."). As the Fifth Circuit has explained:

> The mandate rule requires a district court on remand to effect our mandate and to do nothing else . . . Further, on remand the district court must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court . . . In implementing the mandate, the district court must take into account the appellate court's opinion and the circumstances it embraces.

*Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (internal quotation marks and citations omitted). "It is well established that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *In re Time Warner Cable, Inc.*, 470 F. App'x 389, 390 (5th Cir. 2012) (citations omitted). Applying this established law to the application of the

mandate of the court of appeals in this case requires this Court to limit the issue on remand to providing Plaintiff the opportunity to file an amended complaint and replead her best case in support of the claims and parties already existing before the Court. Biron is cautioned not to attempt to expand the issues before the Court beyond the mandate.

IV. **CONCLUSION and ORDER**

It is therefore **ORDERED** that Biron's motion to refund filing fee (ECF No. 21), and motion for leave to file a supplemental complaint (ECF No. 22), are **DISMISSED** for lack of jurisdiction.

It is further **ORDERED** that if Plaintiff wishes to file an amended complaint to replead her best case in support of her claims against the existing defendants as provided by the mandate of the court of appeals, she shall file any such amended complaint in accordance with the terms of this order by no later than **September 17, 2018**. Plaintiff is cautioned that **failure to timely file an amended complaint could result in the dismissal of her remaining claims in this case for lack of prosecution without further notice.**[1]

**SO ORDERED** this **16th day of August, 2018.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] See FED. R. CIV. P. 41(b); see Hickerson v. Christian, 283 F. App'x 251, 253 (5th Cir. 2008) ("A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)"); see also Link v. Wabash R. Co., 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting").