UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 20 2018

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

Lisa A. Biron,
    Plaintiff

v.                                          Civil Action No. 4:15-CV-205-O

FMC Carswell Warden Jody Upton;
Lauren Cimperman, Psy. D.;
Special Investigative Services
("SIS") Officer Wenger; SIS
Officer Kingsley; Unit
Disciplinary Committee Member E.
Smith-Branton,
    Defendants

## Verified First Amended Complaint

I.  Background and Preliminary Matters

This case is on remand from the Fifth Circuit Court of Appeals. All of Ms. Biron's claims were dismissed by the District Court on a screening under the provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B) without involving the defendants. See Order 1-13, ECF No. 13. The District Court, sua sponte, found that the defendants had a rational basis for interfering with Ms. Biron's First and Fifth Amendment right to have contact with her daughter R.B., her ex-husband Michael Biron, and her father Michael Bonczar.

The Court premised this finding on language found in an inactive, sealed, confidential juvenile dispositional case file, and language found in a federal magistrate's 2013 pre-trial detention hearing order. It deemed this language to be "a specific bar to contact."

This same language was quoted by the Court in a prior habeas case

1

opinion that challenged prison disciplinary proceedings, and the Court in the present case noted its reliance on the opinion in the habeas case. This reliance was, however, misplaced because the habeas court did not find that a no-contact order existed. In fact, the only finding that the habeas court made on the merits was that there was "some evidence"[1] to support the Disciplinary Hearing Officer's ("DHO") conclusion (albeit a rediculous one) that Ms. Biron wrote a letter in code.

In fact, there is not, nor has there ever been a no-contact order against Ms. Biron from any New Hampshire court at any time. (See Exh. 1, Letter to NH Judicial Branch Court Administrator and Response.)

Presently, Ms. Biron's claims have been emasculated to bar all official capacity claims[2], and, accordingly, the availability of injunctive relief.[3] In addition, all of her individual capacity claims for damages are in danger of extirpation in light of the Supreme Court's recent holding in Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017) which emphasized that implied Bivens claims are a disfavored remedy. Ms. Biron has submitted a Memorandum in Support of Extending Bivens Liability and, hereby, incorporates it by reference.

Ms. Biron's individual capacity claims for decaratory judgment, however, remain viable as set forth herein.

---

[1] Ms. Biron posits that even if the habeas court had found that there was "some evidence" that a no-contact order existed, this extremely low DHO-evidentiary standard required to satisfy due process would not warrant taking judicial notice that a no-contact order exists to dismiss a civil rights action at the PLRA-screening stage. Regardless, as stated supra, no finding as to the existence of a no-contact order was made in the habeas case.
[2] Ms. Biron explicitly abandoned her Eighth Amendment claims on appeal.
[3] Had her official capacity claims survived, the defendants would likely have argued that their transfer of Ms. Biron to the Waseca, MN location moot-

## II. Jurisdiction & Venue

1. Plaintiff, Lisa A. Biron, brings the within Verified First Amended Complaint for declaratory judgment relief pursuant to 28 U.S.C. §§ 2201 & 2202, and for damages under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) to redress the deprivation, under color of federal law, of rights secured by the Constitution of the United States. To wit, this Court has jurisdiction under 28 U.S.C. §§ 1331 & 1343(a)(3).

2. The Northern District of Texas is an appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to these claims occurred.

## III. Plaintiff

3. Lisa A. Biron is the Plaintiff. She was at all times mentioned herein an incarcerated federal inmate in the custody of the Federal Bureau of Prisons ("FBOP") confined at Federal Medical Center ("FMC") Carswell in Fort Worth, Texas. She is presently confined at Federal Correctional Institution ("FCI") Waseca, Minnesota.

## IV. Defendants

4. Defendant Jody Upton is the Warden of FMC Carswell. He is legally responsible for the operations of FMC Carswell and for protecting the

---

ed her injunctive relief claims. Ms. Biron would, therefore, counter that the Federal Bureau of Prisons is a single administrative agency. Thus, it does not matter where the defendants send her, injunctive relief would remain available because the unconstitutional bar to contact remains in place and is not confined to any single FBOP location. Similarly, a favorable declaratory judgment against the Carswell Defendants will remedy the situation in Waseca, MN as the FBOP's various locations cannot be treated as separate entities, and the staff in Waseca will conform their behavior accordingly.

constitutional rights of all inmates housed therein.

5. Defendant Lauren Cimperman was at all times mentioned herein a psychologist and correctional officer in the psychology department of FMC Carswell.

6. Defendant Wenger is a Special Investigative Services ("SIS") Officer at FMC Carswell.

7. Defendant Kingsley is a lieutenant and correctional officer at FMC Carswell, and was acting as an SIS Officer at all times mentioned herein.

8. Each individual is sued in his and her individual capacity only as the Court has ordered Ms. Biron **not** to sue them in their official capacities as the dismissal of these claims was affirmed on appeal. At all times herein each defendant acted under color of federal law.

## V. Claims

9. On or about June 30, 2014, SIS Officer Wenger intercepted, stopped, and confiscated a letter mailed by Ms. Biron to her daughter R.B. This act violated Ms. Biron's rights under the First and Fifth Amendments to the U.S. Constitution as no State or Federal bar to contact existed or exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public.

10. On or about June 30, 2014, SIS Officer Wenger intercepted, stopped, and confiscated mail mailed by Ms. Biron to her father (and power of attorney) Michael Bonczar. This act violated Ms. Biron's rights under the First and Fifth Amendments to the U.S. Constitution as no State or Federal bar to contact existed or exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public.

4

11. On or about July 5, 2014, Warden Jody Upton was made aware of this wrongful mail interception and confiscation via detailed email from Ms. Biron and failed to act to rectify this wrongful action. This violated Ms. Biron's rights under the First and Fifth Amendments to the U.S. Constitution as no State or Federal bar to contact existed or exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public.

12. On or about July 15, 2014, Lauren Cimperman told Ms. Biron not to contact or attempt to contact her daughter R.B. This action violated Ms. Biron's rights under the First and Fifth Amendments to the U.S. Constitution because no State or Federal bar to contact existed or exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public.

13. On or about October 16, 2014, Warden Jody Upton issued a "Restricted Correspondence Notification" to bar Ms. Biron's lawful mail to her daughter R.B. This act violated Ms. Biron's rights under the First and Fifth Amendments to the U.S. Constitution because no State or Federal bar to contact existed or exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public.

14. On or about November 19, 2014 and on or about November 30, 2014, SIS Officer Wenger intercepted and stopped two (2) letters written and mailed by Ms. Biron to Michael Biron (her ex-husband) and told Ms. Biron that she could no longer send mail to Michael Biron. These acts violated Ms. Biron's rights under the First and Fifth Amendments to the U.S.

Constitution because no State or Federal bar to contact existed or exists between Ms. Biron and Mr. Biron and said actions served no legitimate penalogical purpose in futherance of the safety and security of the institution or staff or the protection of the public.[4]

15. On or about December 1, 2014 through December 3, 2014, Warden Jody Upton was informed and failed to intervene and correct the wrongful interference with the two (2) November 2014 mailings to Michael Biron, and directed or allowed staff to block future mailings to both R.B. and Michael Biron by disabling her ability to print TRULINCS labels to their address which are required to send mail. These acts violated Ms. Birons rights under the First and Fifth Amendments to the U.S. Constitution because no State or Federal bar to contact exists and said actions served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public.

16. On or about November 27, 2014, SIS Officer Wenger in concert with Warden Upton blocked Ms. Biron's ability to call Michael Biron and R.B. This act violated Ms. Biron's rights under the First and Fifth Amendments to the U.S. Constitution because no State or Federal bar to contact exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public.

17. On or about December 12, 2014, Lauren Cimperman, in concert with SIS Officer Kingsley, imposed a "Correctional Management Plan" to bar Ms. Biron's contact with R.B. This act violated Ms. Biron's rights under

---

[4] Subsequent to the initial filing of the law suit, Mr. Biron requested in writing to the FBOP that Ms. Biron be barred from contacting him. At that time, the defendants issued a notice to Ms. Biron advising her of the FBOP-imposed bar. Ms. Biron acknowledges that because Mr. Biron requested this

the First and Fifth Amendments to the U.S. Constitution because no State or Federal bar to contact existed or exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public.

18. On January 28, 2015, Lauren Cimperman issued a prison discipline report against Ms. Biron for asking a family member over the phone to find out how R.B. liked a book that she had received for Christmas. This act violated Ms. Biron's rights under the First and Fifth Amendments to the U.S. Constitution because no State or Federal bar to contact existed or exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public.

19. On or about February 24, 2015, Lauren Cimperman issued a prison discipline report against Ms. Biron for asking the family's pastor to contact R.B. to see how she was doing. This act violated Ms. Biron's rights under the First and Fifth Amendments to the U.S. Constitution because no State or Federal bar to contact existed or exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public.

20. On or about February 26, 2015, Ms. E. Smith-Branton sanctioned Ms. Biron with loss of telephone privileges in connection with the February 24, 2015 incident report for attempting to exercise her constitutional right to contact R.B. This act violated Ms. Biron's rights under the First and Fifth Amendments to the U.S. Constitution as no State or Federal bar to contact existed or exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institu-

---

bar to contact with her, the FBOP was within its right to impose one and did, in fact, issue a written notice to this effect in January 2017. This legitimate bar regarded Michael Biron and his wife Tina Biron's contact with Ms. Biron only.

7

tion or staff or the protection of the public. Said claim is <u>not</u> barred by the <u>Heck</u> doctrine because no good conduct time was taken and, therefore, success on this claim does not effect the length of Ms. Biron's sentence (i.e., the Unit Disciplinary Committee sanction is not considered "a conviction" under <u>Heck</u>). See App. Reply Br. sect. III.

21. On or about March 12, 2015, Ms. E. Smith-Branton sanctioned Ms. Biron with loss of telephone privileges in connection with the January 28, 2015 incident report for attempting to exercise her constitutional right to contact R.B. This act violated Ms. Biron's rights under the First and Fifth Amendments to the U.S. Constitution because no State or Federal bar to contact existed or exists and said act served no legitimate penalogical purpose in furtherance of the safety and security of the institution or staff or the protection of the public. Said claim is <u>not</u> barred by the <u>Heck</u> doctrine because no good conduct time was taken and, therefore, success on this claim does not effect the length of Ms. Biron's sentence (i.e., the Unit Disciplinary Committee sanction is not considered "a conviction" under <u>Heck</u>). See id.

22. The <u>Heck</u> doctrine is inapplicable to claims for declaratory relief.

23. Since Ms. Biron's transfer to FCI Waseca, MN, she has requested that the illegal bar to contact with her daughter R.B. be removed. Her request was denied because the staff at Waseca did not independently evaluate the situation and continue to enforce the Carswell defendants' unconstitutional bar to contact.

24. Ms. Biron has a First Amendment right to association with her daughter R.B. that includes all legitimate forms of communication.

25. The defendants have no legal basis for this absolute bar to contact with R.B. When R.B. was a minor, in the custody of Michael Biron, Mr.

8

Biron did not request a bar to contact with Ms. Biron. As an adult, R.B. has not requested that the FBOP bar contact with Ms. Biron. Nor is there a no-contact provision in Ms. Biron's federal sentence to bar contact. Further, there is not a no-contact order from any court, in any state to bar Ms. Biron's contact with R.B.

26. Ms. Biron has a Fifth Amendment right to substantive due process which provides heightened protection against government interference with the parent-child relationship.[5] Ms. Biron hereby incorporates the argument in section II, pp. 11-12 of her Appellate Brief by reference.

27. The defendants have no legal basis to interfere with the constitutionally protected familial relationship. When R.B. was a minor, in the custody of Mr. Biron, Mr. Biron did not request a bar to contact between R.B. and Ms. Biron. As an adult, R.B. has not requested that the FBOP bar contact with Ms. Biron. Nor is there a no-contact provision in Ms. Biron's federal sentence to bar contact. Further, there is not a no-contact order from any court, in any state to bar Ms. Biron's contact with R.B.

28. In a March 2013 pre-sentence psychological evaluation report, Dr. Thomas Burns of Dover, NH (the only psychologist that has examined Ms. Biron) opined that contact between Ms. Biron and R.B. would not be harmful and would, in fact, be beneficial to both R.B. and Ms. Biron. See Burns' Report filed in criminal case no. 12-CR-140-PB.

29. Ms. Biron includes herein by reference the argument set forth in her appellate Reply Brief (submitted with proposed Supplemental Complaint) sections II and IV to dispell the erroneous notion that any "order" from

---

5 In dismissing her original Complaint, this Court misconstrued her Fifth Amendment claims as challenges to prison disciplinary actions and the administrative remedy program.

the juvenile proceeding case no. 656-2012-JV-326 is active or valid. Even while this proceeding was ongoing, visitation and contact were allowed at the discretion of DCYF, and if not in conflict with any other court order (i.e., the federal magistrate's pre-trial detention hearing order that barred contact with R.B. pending the resolution of the case).

## VI. Remedies

30. Ms. Biron seeks compensatory and punitive damages against the defendants sued in their individual capacity.

31. Ms. Biron seeks declaratory judgment relief as declaratory judgment relief will remedy the continuing bar to contact at Waseca, MN in that Waseca staff will comply with relief ordered in this case.

## VII. Prayer for Relief

WHEREFORE, Ms. Biron requests this Honorable Court:

32. Grant her a declaration that the acts and omissions described herein violated her rights under the United States Constitution and Laws of the United States;

33. Award her compensatory and punitive damages to the greatest extent allowed under the law;

34. Award her her costs and fees incurred for prosecuting this law suit; and

35. Grant such other relief as this Court deems just and equitable.

Respectfully submitted

9/14/2018
Date

*Lisa Biron*
Lisa Biron # 12775-049
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

## Verification

I, Lisa Biron, hereby swear, under penalty of perjury, that the matters and facts alleged in the foregoing Verified First Amended Complaint are true and correct, and that said pleading and supporting documents were deposited in the inmate legal mail system postage prepaid on this date.

9/14/2018
Date

*Lisa Biron*
Lisa Biron



Exhibit 1, page 1 of 3

Lisa A. Biron
Reg. # 12775-049
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

438 UB AUG 31 2018

NH Judicial Branch
Administrative Offices
One Granite Place, Ste N. 400
Concord, NH 03301

August 27, 2018

Dear Court Administrator:

Will you please, at your earliest convenience, send proof of the status of any "no-contact orders" or "orders of protection" concerning me that originated from any New Hampshire state court. I do not believe that such an order exists or ever existed, but, nevertheless, require proof of same.

Thank you for your attention to this matter.

Sincerely,

Lisa Biron

Lisa Biron
D.O.B. 08/23/1969

**\*\*SEE ATTACHED\*\***

Cc: Michael Bonczar, P.O.A.

CC Paula



9TH CIRCUIT - FAMILY DIVISION - GOFFSTOWN

# CASE SUMMARY
## CASE NO. 438-2002-DV-00035

| | | |
|---|---|---|
| Michael Biron vs. Lisa Biron | § § § § § | Location: 9th Circuit - Family Division - Goffstown<br>Judicial Officer: Lawrence, Paul H<br>Filed on: 05/14/2002<br>Appear by: 06/04/2002<br>Case Number History: |

---

### CASE INFORMATION

Case Type: **Domestic Violence Petition**

Case Status: 06/04/2002 Closed

---

### CASE ASSIGNMENT

DATE

**Current Case Assignment**
Case Number: 438-2002-DV-00035
Court: 9th Circuit - Family Division - Goffstown
Date Assigned: 01/16/2009
Judicial Officer: Lawrence, Paul H

---

### PARTY INFORMATION

**Plaintiff**  Biron, Michael
           11 Depot Street
           Goffstown, NH 03045

**Defendant**  Biron, Lisa
             25 Riverside Drive
             New Boston, NH 03070

**Officer - Local Police**  Goffstown Police Department
                           326 Mast Road
                           Goffstown, NH 03045-2420

                           New Boston Police Department
                           Post Office Box 338
                           New Boston, NH 03070

---

### EVENTS & ORDERS OF THE COURT

| DATE | | INDEX |
|---|---|---|
| 05/14/2002 | Return of Service<br>*Filed by: LA2* | |
| 05/14/2002 | Memo from Case Screen<br>*02-DV-00035: No Memo on Case Screen in Sustain; Case Filing Type: Original Filing; Orig. Case Type: 115; Arresting PD: GPD* | |
| 06/04/2002 | **Final Hearing** (Judicial Officer: Converted, No Judge in Sustain)<br>*Date Sched: 5/14/2002* | |
| 06/04/2002 | Withdrawn (Judicial Officer: Lawrence, Paul H) | |

**NHJB Administrative Offices**
**Attn: Central Processing Center**
1 Granite Place
Suite N400
Concord, NH 03301

00-8791

U.S. POSTAGE >> PITNEY BOWES
ZIP 03301 $ 000.40
02 1W
0001401241 SEP. 05. 2018

PRESORTED
1ST CLASS

Name Lisa A. Biron   Reg # 12775-049
Federal Correctional Institution Unit D
P.O. Box 1731
Waseca, MN 56093

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

Lisa A. Biron,
 Plaintiff

v.

FMC Carswell Warden Jody Upton;
Lauren Cimperman, Psy. D.;
Special Investigative Services
("SIS") Officer Wenger; SIS
Officer Kingsley; Unit
Disciplinary Committee Member E.
Smith-Branton,
 Defendants

Civil Action No. 4:15-CV-205-O

SUMMONS

TO THE ABOVENAMED DEFENDANTS:

You are hereby summoned and required to serve upon the Plaintiff, whose address is FCI Waseca, P.O. Box 1731, Waseca, MN, an answer to the Verified First Amended Complaint which is herewith served upon you, within sixty (60) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Verified First Amended Complaint.

_____          _____
Date                               Clerk of Court

Lisa A. Biron
Reg. # 12775-049
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

September 14, 2018

Clerk of Court
U.S. District Court
Northern District of Texas
501 West Tenth Street, Rm 310
Fort Worth, TX 76102-3673

Re: Biron v. Upton, et al, no. 4:15-CV-205-O

Dear Clerk:

I have enclosed, for filing, my Verified First Amended Complaint, my Memorandum in Support of Extending Bivens Liability, and Summons.

Please advise if I must do anything more to effect service on the Defendants.

Thank you for your attention to this matter.

Sincerely,

Lisa Biron

Lisa Biron

Lisa A. Biron # 12775-049
Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093

2018 SEP 20 AM 11:06

DEPUTY CLERK

Legal Mail mailed 9/14/2018

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address. Date Mailed: _____

⬥ 12775-049 ⬥
Us District Court
Clerk of Court
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States

CERTIFIED MAIL
7018 0040 0000 3035 9235



Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093