IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LISA BIRON, § | |
| (BOP No. 12775-049), § | |
| § | |
| Plaintiff, § | |
| V. § | Civil Action No. 4:15-cv-205-O |
| § | |
| JODY UPTON, Warden, § | |
| FMC-Carswell, et al., § | |
| § | |
| Defendants. § | |

**ORDER REGARDING COMPLETION AND SERVICE OF SUMMONS
UPON THE REMAINING DEFENDANTS**
(With Special Instructions to the Clerk of Court)

On remand, the Court directed Plaintiff to file an amended complaint to state her best case as to her remaining claims, and to address whether *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, (Bivens)* 403 U.S. 388 (1971) applies to them. Plaintiff has now filed a first amended complaint (ECF No. 27) and a "Memorandum in Support of Extending *Bivens* Liability" (ECF No. 28), which the Court construes and considers as a supplemental complaint. These claims should be served upon the defendants.

Plaintiff is entitled to have the summons, first amended complaint and supplemental complaint served on Warden Jody Upton, Correctional Officer Lauren Cimperman, Special Investigative Services Officer Winger, Lieutenant Kingsley, and Unit Disciplinary Committee member E. Smith-Branton[1] by a United States marshal or deputy United States marshal pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson,* 828 F.2d 1107, 1109-1110 (5th

---

[1] In the original complaint, Plaintiff also named as defendants Hearing Officer Valle, and Disciplinary Committee member W.L. Smithers. Complaint, ECF No.1. Plaintiff has removed these two parties from the first amended complaint. Therefore, the Clerk of Court is instructed to note on the docket that these defendants were removed as parties per the filing of the first amended complaint.

Thus, Plaintiff is entitled to have the summons, first amended complaint and supplemental complaint served Warden Jody Upton, Correctional Officer Lauren Cimperman, Special Investigative Services Officer Winger, Lieutenant Kingsley, and Unit Disciplinary Committee member E. Smith-Branton[1] by a United States marshal or deputy United States marshal pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson,* 828 F.2d 1107, 1109-1110 (5th Cir. 1987). In order to serve these papers, Biron must fill out and return to the clerk of Court one Form 285 and two summons forms for each person to be served. The Court will direct the clerk of Court to provide the Forms 285 and the summons forms to Plaintiff. Upon their return, the clerk will then forward the completed summons forms and the completed Forms 285 to the marshal for service.

It is therefore **ORDERED** that the clerk of Court shall mail to Biron ten blank summonses and five Forms 285. Biron shall, if she wishes to proceed with this action as to her remaining claims against the five defendants, complete the summonses and Forms 285 and return them to the clerk within 30 days of the date of this order. Biron is advised that it is her responsibility to complete the summonses and Forms 285 with correct information as to the name and appropriate address of each defendant for service. Failure of Biron to complete the forms and to timely return same to the clerk of Court could result in the dismissal of the remaining claims in this action without further notice for lack of prosecution.[2]

---

[1] In the original complaint, Biron also named as defendants Hearing Officer Valle, and Disciplinary Committee member W.L. Smithers. Complaint, ECF No.1. Biron has removed these two parties from the first amended complaint. Therefore, the clerk of Court is instructed to note on the docket that these defendants were removed as parties per the filing of the first amended complaint.

[2] *See* Fed R. Civ. P. 41(b). Biron is also advised that although the officers of the Court will issue and serve process, they generally are not authorized to research the proper identity of parties and/or the service address of a party. Biron is cautioned that if service cannot be effected/completed due to inaccurate address information, her remaining claims may be dismissed for lack of prosecution.

**SO ORDERED** this **30th day** of **October, 2018.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**