IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

───────────────────────────────

| | |
|---|---|
| LISA BIRON,<br>(BOP No. 12775-049)<br><br>    Plaintiff,<br><br>v.<br><br>JODY UPTON, Warden,<br>FMC-Carswell, et al.<br><br>    Defendants. | Civil Action No. 4:15-CV-205-O |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

In this action, federal prisoner Lisa Biron is asserting *Bivens*[1] claims against various prison officials, under a theory that they improperly interfered with Biron's alleged First Amendment right to contact the victim of Biron's underlying sexual offenses (Biron's daughter, referred to as "R.B."). The defendants recently filed a motion to dismiss in which they asserted the defense of qualified immunity and also argued that, as a threshold matter, Biron fails to show that a *Bivens* claim should even be recognized under the circumstances of this case. (*See* Doc.[2] 45.) Biron has now filed her own motion in which she seeks to strike the defendants' motion or to expunge or obtain a protective order with respect to certain information in the motion. (*See* Doc. 46.)

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] "Doc. __" citations are to the documents filed in this action by reference to the document number assigned to them on the electronic docket.

Specifically, Biron argues that the defendants' motion refers to allegedly "private and protected information" from a family court proceeding in New Hampshire in which Biron was ordered to have "no contact" with her victim/daughter. As explained herein, though, this information is already a matter of public record in several other judicial proceedings, and Biron fails to show that it is somehow protected or that she is entitled to any other relief through her motion. Accordingly, Biron's motion should be denied.

## I. Background

Biron was previously convicted of various federal sex offenses in the District of New Hampshire. *See United States v. Biron*, No. 16-CV-108-PB, 2017 WL 4402394 (D.N.H. Oct. 2, 2017). As detailed by the New Hampshire federal court in its order denying Biron's 28 U.S.C. § 2255 motion, the victim of Biron's crimes was Biron's then-14 year old daughter. *See id.* at *1. Biron had arranged for her daughter to enter into a sexual relationship with an adult man over the internet, and transported her daughter to a hotel in Canada so that both Biron and the daughter could have sex with the man (including in encounters that were filmed by Biron "at Biron's insistence"). *Id.* at *2–3. Biron also arranged through an advertisement placed on Craigslist for a different man to have sex with the daughter on multiple occasions (including in a filmed encounter on a couch in front of Biron). *Id.* at *2. Finally, Biron filmed herself performing oral sex on her own daughter. *Id.* at *2–3.

After Biron was convicted on eight federal counts arising out of the aforementioned activities, she entered Federal Bureau of Prisons (BOP) custody to serve her (still-ongoing) sentence, and for part of that sentence she was designated to Federal

Medical Carswell (FMC Carswell) in Fort Worth. While in BOP custody, Biron began attempting to make contact with her victim/daughter, and BOP officials, who understood that Biron was prohibited by court order from having contact with her victim/daughter, brought disciplinary charges against her. *See Biron v. Upton*, No. 4:14-CV-772-O, 2015 WL 3603190, at *1 (N.D. Tex. June 9, 2015), *aff'd*, 670 F. App'x 869 (5th Cir. 2016). Biron contested these disciplinary charges through internal proceedings within BOP, but the disciplinary hearing officer found that there were at least two "no contact" court orders in existence that prohibited Biron from contacting her victim/daughter. *See id.* at *3–4.

Biron filed for habeas relief to seek review of the prison disciplinary proceedings, and this Court dismissed in part and denied in part Biron's consolidated petitions. *Id.* at *5. In its opinion, the Court specifically noted the existence of the "no contact" order from the New Hampshire family court—the order that Biron apparently believes is confidential, or alternatively, has never actually existed. *Id.* at *1. The Court explained that, "[o]n December 4, 2012, before [Biron's federal] criminal trial, the 9th Circuit–Family Division Court of Manchester, New Hampshire, ordered that [Biron] 'shall not contact or attempt to contact R.B. either directly or indirectly' and 'shall have no contact with R.B. including third party contact except that as may be deemed appropriate by and monitored by'" the New Hampshire Division for Children, Youth and Families. *Id.* at *1.

A copy of the "no contact" order also appears in the record of the habeas proceeding.³ *See Biron v. Upton*, No. 4:14-CV-823-O, Doc. 19 at Appendix pp. 006–12.  The "no contact" order was of course relevant to the habeas action because, as this Court noted, the disciplinary hearing officer had relied on the existence of order in upholding the disciplinary charge, and the propriety of that decision was at issue in the habeas action. *See Biron*, 2015 WL 3603190, at *1, 3.

Biron appealed the dismissal/denial of her habeas petition, but the Fifth Circuit affirmed—in an opinion that also referenced the "no contact" order—and the Supreme Court denied certiorari.  *See Biron v. Upton*, 670 F. App'x 869 (5th Cir. 2016); *Biron v. Upton*, 138 S. Ct. 219 (2017).

Returning to the instant action and Biron's motion to strike, Biron now complains of the fact that the defendants' motion to dismiss makes reference to the New Hampshire family court proceeding that was referenced in this Court's and the Fifth Circuit's decisions in the prior habeas action.  (*See* Doc. 46.)  According to Biron, the information about the New Hampshire proceeding is "private and protected," was "wrongfully obtained," and has "no legal force or relevance."  (Doc. 46 at 1–2.)  Seemingly contradicting these claims, though, Biron goes on to suggest that the information in question does not actually exist, because according to Biron she has "proof from the State of New Hampshire that a 'no-contact' order has never been issued by any New

---

³ The relevant language from the order that was quoted in the Court's habeas decision appears on numbered page 7 of 7 of the order, at Appendix page 012 of Document 19 on the docket of *Biron v. Upton*, No. 4:14-CV-823-O.

**Defendants' Response to Plaintiff's Motion to Strike – Page 4**

Hampshire court at any time."[4] (Doc. 46 at 2.) Regardless of which theory Biron relies on (that the "no contact" order exists but should be considered private, or that a "no contact" order has never existed), her motion should be denied.

## II. Argument and Authorities

Biron shows no entitlement to have the defendants' motion stricken or to obtain any related relief (e.g., to "expunge" information, or for a protective order, etc.). Although Biron does not cite any legal authority as the basis for her motion, her labeling it as a "motion to strike" could be read as an attempt to rely on Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) states that a "court may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As the language of the rule makes clear, Rule 12(f) refers to striking matters in pleadings, not in motions, but courts have looked to Rule 12(f)'s standards when addressing requests to strike documents other than pleadings. *See, e.g.*, *Lake Charles Harbor & Terminal Dist. v. Reynolds Metal Co.*, No. 2:17-CV-1114, 2019 WL 638090, at *2–3 (W.D. La. Jan. 23, 2019) (looking to Rule 12(f) when evaluating a motion to strike certain documents submitted in opposition to a motion to dismiss).

Motions to strike "are disfavored and infrequently granted." *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 767 (N.D. Tex. 2002). They are

---

[4] Biron states that this alleged proof "that a 'no-contact' order has never been issued" was submitted with her amended complaint. (*See* Doc. 46 at 2.) However, a review of the amended complaint shows only that Biron submitted a copy of a docket sheet from a different New Hampshire state court proceeding in which Biron's then-husband had apparently filed a domestic violence petition against Biron. (*See* Doc. 27 at pp. 12–13 (ECF page numbers at the top of the page).) That proceeding is identified as case number 438-2002-DV-00035 in the New Hampshire court, but as Biron recognizes in her motion to strike, the family court case involving her daughter had a different number—656-2012-JV-326. (*See* Doc. 46 at 1.)

**Defendants' Response to Plaintiff's Motion to Strike – Page 5**

regarded as "a drastic remedy" and should be granted "only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal quotation marks and citation omitted).

Here, Biron fails to show that anything in the defendants' motion warrants being stricken under Rule 12(f). As was true in the prior habeas proceeding, the fact that a New Hampshire court entered a "no contact" order to prevent Biron from contacting her victim/daughter is certainly relevant to the matters in dispute in this action. Biron is challenging prison officials' actions that were taken, at least in part, because of the fact that Biron was under a "no contact" order, and thus the existence of the "no contact" order is directly relevant to the prison officials' good faith and the reasonableness of their actions.

Biron also suggests, without providing any substantiation, that any information from the New Hampshire family court proceeding is "private and protected" in some way. But the information Biron is referring to is a matter of public record and was referenced in this Court's opinion and in the Fifth Circuit's opinion in Biron's separate, now-final habeas action. These opinions are not only available through PACER but have also been picked up and disseminated by third parties like Westlaw and Lexis as well as by free-to-the-public websites like Justia and CaseText. A copy of the relevant New Hampshire family court order was also filed and remains in the record in the habeas proceeding. *See Biron v. Upton*, No. 4:14-CV-823-O, Doc. 19 at Appendix pp. 006–12.

Biron's underlying criminal case also received extensive media attention, both

nationally and internationally.[5] And news accounts noted that Biron's victim/daughter had been placed in foster care.[6] Biron is additionally the subject of her own Wikipedia page that recounts the history of her early life and career, along with the details of her crimes against her daughter, arrest, and trial.[7]

Just as there is "no basis for sealing information that is already publicly available," *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12-CV-14, 2014 WL 12599343 (S.D. Tex. May 14, 2014), there is no basis for "striking" or "expunging" the defendants' motion based on the fact that the motion refers to information that is publicly available elsewhere. *See also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (confidential settlement amount disclosed in court's opinion and published on Westlaw and Lexis was no longer confidential); *Dickey's Barbecue Pit, Inc. v. Neighbors*, No. 4:14-CV-484, 2015 WL 13466613, at *3 (E.D. Tex. June 5, 2015) ("The court will not seal documents that are already part of the public record or merely recite material contained therein."). Biron has shown no entitlement to any relief on her motion.

### III.   Conclusion

For all these reasons, Biron's motion should be denied.

---

[5] *See, e.g.*, "Anti-Gay Christian Lawyer Found Guilty of Abducting Girl, 14, to Canada and Videotaping Her Having Sex," *Daily Mail*, https://www.dailymail.co.uk/news/article-2308401/Female-Christian-lawyer-abducted-teenage-girl-Canada-forced-sex-camera.html (Apr. 12, 2013); "N.H. Lawyer Held on Sexual Exploitation, Porn Charges," *Boston Herald*, https://www.bostonherald.com/2012/11/21/nh-lawyer-held-on-sexual-exploitation-porn-charges/ (Nov. 21, 2012).

[6] *See, e.g.*, "Mom Convicted of Exploitation in Graphic NH Trial," *San Diego Union-Tribune*, https://www.sandiegouniontribune.com/sdut-mom-convicted-of-exploitation-in-graphic-nh-trial-2013jan10-story.html (Jan. 10, 2013).

[7] *See* "Lisa Biron," *Wikipedia*, https://en.wikipedia.org/wiki/Lisa_Biron (accessed Feb. 26, 2019).

Respectfully submitted,

ERIN NEALY COX
United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendants Upton,
Cimperman (Carter), Wenger, Kingsley,
and Smith-Branton

Certificate of Service

On March 6, 2019, I served the foregoing document on plaintiff Lisa Biron by mailing it to her via prepaid first-class mail, addressed as follows:

Lisa Biron # 12775-049
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney