UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



Lisa Biron,
    Plaintiff

v.

Civil Action No. 4:15-CV-205-O

Jody Upton, Warden, FMC Carswell,
et al.,
    Defendants

## Ms. Biron's Reply to Defendants' Response
### and
### Request for Appointment of Counsel

Ms. Biron replies, briefly, to Defendants' Response to her Motion to Strike in an attempt to re-focus the Court.

The juvenile case-document at issue, which contains language that Attorney Stoltz[1] touts as a no-contact order, originates from a confidential State of New Hampshire juvenile case file (no. 656-2012-JV-326). See Exhibit 1 (Notice of Decision with Court's stamp "**Confidential**" on each page). It is oxymoronic to argue that a confidential provision, known only to the interested parties involved in the case at the time, is a no-contact order. It is the dissemination of information from this case file that Ms. Biron has moved to protect.

---

[1] The Carswell Defendants have never claimed this confidential case document as justification for barring Ms. Biron's contact with her daughter, or for any disciplinary actions against her. Therefore, Ms. Biron finds it would be disingenuous to refer to the "Defendants" as making this argument or as responsible for disseminating this document. Documents from the confidential juvenile case were first published in United States Attorney filings in case No. 4:14-CV-772-O (Consolidated with No. 4:14-CV-823).

1

But it appears that Attorney Stoltz is not at all focused on issues relevant to this case or to aiding this Court in its resolution of this case. Attorney Stoltz' filings in this case (including his response brief in appeal No. 15-10684) read like a sentencing memorandum by the prosecution in Ms. Biron's criminal case, or, worse, like an article in one of the media stories he cites to in his response to this motion.

Ms. Biron has already been tried, had her sentencing hearing, and sentence was impose— it did not include any bar to contact with R.B.

It is unclear why Attorney Stoltz is attempting to re-prosecute Ms. Biron in this Court except to cloud the relevant issues and to obscure the fact that his Office is responsible for publicizing private juvenile case documents. It appears that Attorney Stoltz actually argues that because Assistant United States Attorneys have disseminated this confidential document in court filings, and have caused this Court to quote language from it, that it is no longer a confidential document. He correctly states that the language from this document is now on PACER, Lexis, etc. This is true because his Office wrongfully disseminated it.

Attorney Stoltz argues that Ms. Biron did not provide any substantiation that this N.H. court document is private and protected. (But see Ex. 1). This is because Ms. Biron has no access to any state law materials because the Federal Bureau of Prisons does not provide access. (See FBOP Program Statement 1315.07.) Ms. Biron believes said substantiation is found somewhere in N.H.R.S.A. § 169-C. Further, Attorney Stoltz misrepresents to the Court the nature of the docket sheet from case no. 438-2002-DV-35 that Ms. Biron provided as proof that a no-contact provision has never existed in New Hampshire against Ms. Biron. This single docket

sheet from 2002 is the only document produced to her in response to her request to the State of New Hampshire Court Administrator, and the petition was withdrawn by Mr. Biron after he was severely admonished by the presiding judge for filing such a frivolous petition.

Because Ms. Biron does not have access to New Hampshire state law, and because Mr. Stoltz seems unable to focus on matters relevant to this case,[2] Ms. Biron requests that the Court appoint an attorney to assist in this matter. The unauthorized publication of this NH document has become pivotal to this matter. Attorney Stoltz' Office is responsible for its dissemintation, and he is, therefore, conflicted.

Respectfully submitted

3/12/2019
Date

Lisa Biron
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

## Certification

I hereby certifiy that a copy of this Reply was mailed to AUSA Brian Stoltz postage pre-paid on this date.

3/12/2019
Date

Lisa Biron

---

2 Ms. Biron was taught to avoid ad hominem attacks on other parties and their attorneys as they are unprofessional and useless to the Court. Perhaps the appointment of an attorney will temper Mr. Stoltz' unprofessionalism.

3


CONFIDENTIAL

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

9th Circuit - Family Division - Manchester
35 Amherst St.
Manchester NH  03101-1801

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**FILE COPY**

COPY

Case Name:   **In the Matter of R▓▓▓ B▓▓▓**
Case Number: **656-2012-JV-00326** *656-2012-JV-00332*

Please be advised that on April 21, 2015 the Court made the following Order relative to:

**Motion to Close Juvenile Abuse/Neglect Case;   Granted, no objection filed.**

April 30, 2015

Mary A. Barton
Clerk of Court

(307)

C:  Division for Children, Youth & Families; Department of Health & Human Services; Manchester School District; CASA; Michael Biron; Lisa Biron, # 12775-049; Gary Louis Paradis, ESQ; Maryellen Biletch; James C. McCoy, III; Elizabeth Paine, ESQ

NHJB-2208-DF (07/01/2011)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us



RECEIVED COPY APR 06 2015

MANCHESTER FAMILY DIVISION

Court Name: 9th Circuit-Family Division-Manchester
Case Number: 656-2012-JV-326, 332

In the Matter of: R████ B████                                            DOB: ████ 1998

## MOTION TO CLOSE JUVENILE ABUSE/NEGLECT CASE

*FOR USE WHEN: A party requests closure of an abuse/neglect case in which there was a finding of true and/or a consent order.*

Now comes, The Division for Children, Youth and Families, a party in the above-entitled matter, who hereby requests that the court close the case and vacate its orders awarding ☐ legal custody ☒ legal supervision to DCYF.

The circumstances that support case closure are as follows:

### Child maintained in home
1. ☐ Child was never placed in an out of home placement and has been successfully maintained in ☐ mother's ☐ father's ☐ legal guardian's home. Supporting information: _____

OR

### Permanency plan finalized
2. ☒ The following permanency plan has been finalized:
   a. ☒ 611 (number of days) days have passed since the child was reunified with ☐ mother ☒ father ☐ legal guardian on July 31, 2013 (date). Information that supports case closure is as follows:
   ████ has been successfully reunified with her father, and during the 611 days she has been in his care, he has provided appropriate parental care, control and supervison. There is no need for further DCYF involvement. Mr. Biron has obtained a modification of the parenting plan through the Manchester Family Division, Docket No. 656-2012-DM-00355, which grants him sole residential responsibility and sole decision making responsibilities with respect to Rachel.

   b. ☐ Adoption was finalized by the _____ (court name) on _____ (date) in accordance with RSA 170-C:11, VI.

   c. ☐ Legal guardianship was finalized by the _____ (court name) on _____ (date).

   d. ☐ Another Planned Permanent Living Arrangement (APPLA) was achieved AND the youth:
      ☐ reached the age of majority;
      ☐ completed high school after continued jurisdiction;
      ☐ reached his/her 21st birthday after continued jurisdiction; OR
      ☐ revoked his/her consent to continued jurisdiction.

   Information that supports case closure is as follows:
   _____
   _____

Has the youth received a high school diploma? ☐ Yes ☐ No

Case Number: _____
MOTION TO CLOSE JUVENILE ABUSE/NEGLECT CASE

Has the youth received a GED? ☐ Yes ☐ No

OR

**Permanency plan not finalized**
3. ☐ The permanency plan of ☐ Reunification ☐ Adoption ☐ Legal Guardianship
   ☐ Another Planned Permanent Living Arrangement (APPLA) was not achieved.
   The reason for case closure is because the child/youth:
   a. ☐ reached the age of majority;
   b. ☐ completed high school after continued jurisdiction;
   c. ☐ reached his/her 21st birthday after continued jurisdiction;
   d. ☐ revoked his/her consent to continued jurisdiction; OR
   e. ☐ other (please specify): _____

OR

**De novo appeal**
4. ☐ Following a de novo appeal to the Superior Court:
   a. ☐ that court will retain the matter and identify a permanency plan for the child. (A copy of the Superior Court order is attached.)
   b. ☐ that court dismissed the petition on _____ (date). (A copy of the Superior Court order is attached.)

☐ This motion was assented to by all parties.
☐ A hearing on this motion is requested.

Wherefore, for the above stated reasons, it is respectfully requested that this Court close the case.

April 3, 2015
Date                                                    Signature

**Certification**

I certify that on this date I mailed/delivered a copy of this Motion to all parties of record in this case.

April 3, 2015
Date                                                    Signature

**ORDER**

☐ Motion to close the case is GRANTED.
☐ Motion to close the case is DENIED.

**Recommended:**

_____                              _____
Date                                                 Signature of Marital Master

                                                     Printed Name of Marital Master

**So Ordered:**
I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts determined by the marital master/judicial referee/hearing officer.

5/21/16
Date                                                 Signature of Judge

                                                     Printed Name of Judge

NHJB-2708-DF (12/01/2010)                 Page 2 of 3

Case Number: _____

**MOTION TO CLOSE JUVENILE ABUSE/NEGLECT CASE**

For Court use Only: Outcome code 1=CMH, 2a=REN, 2b=AG, 2c=NAG, 2d=APPLA, 3a, b, c or d=AO, 3e=APRO, 4a=SCTD, 4b=SCAD



CONFIDENTIAL COPY



Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093-0741

Lisa Biron    12775-049
              D

MINNEAPOLIS MN 553
13 MAR 2019 PM 6 L

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
RECEIVED

2019 MAR 18  AM 11:58

DEPUTY CLERK

3/14/19

⇔12775-049⇔
Us District Court
Clerk of Court
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States

76102-975999