IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

———————————————————————

| | |
|---|---|
| LISA BIRON,<br>(BOP No. 12775-049)<br><br>    Plaintiff,<br><br>v.<br><br>JODY UPTON, Warden,<br>FMC-Carswell, et al.<br><br>    Defendants. | Civil Action No. 4:15-CV-205-O |

### RESPONSE TO PLAINTIFF'S REQUEST FOR COUNSEL

This response addresses two recent filings in which plaintiff Lisa Biron has requested counsel for litigation of her *Bivens*[1] claims against the various federal-prison officials named as defendants. (*See* Doc. 48; Doc. 49.) Biron does not appear to be expressly relying on the factors set out by the Fifth Circuit for determining whether "exceptional circumstances" exist to appoint counsel in a civil case,[2] but instead she first relies on the inclusion, in the defendants' motion to dismiss, of information about a "no-contact" order entered against Biron in a New Hampshire family court proceeding. Specifically, Biron suggests that the U.S. Attorney's Office is responsible for the

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Whether to appoint counsel depends on "on many factors, including the type and complexity of the case; the petitioner's ability adequately to present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in a just determination." *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (internal quotation marks and citation omitted).

**Response to Plaintiff's Request for Counsel – Page 1**

dissemination of the order and is therefore "conflicted." (*See* Doc. 48 at 1 n.1, 3.) But Biron's arguments about the New Hampshire order are unavailing, because the record in Biron's previous habeas action confirms that prison officials had a copy of the New Hampshire order and quoted from its "no contact" provision when upholding certain disciplinary sanctions against Biron. (*See Biron v. Upton*, No. 4:14-CV-823-O, Doc. 19 at 050–51, 056.) These disciplinary proceedings occurred as early as 2013 and 2014, i.e., prior to any involvement by the U.S. Attorney Office's in this litigation or in Biron's habeas cases. (*See id.* at 052, 057.) Biron has also previously recognized this timeline as to when the New Hampshire court order was first "disseminated," because her motion to strike filed in February 2019 stated that the order in question had been "mailed to the FCI Danbury in October 2013." (Doc. 46 at 1.) Again, this would have been long before the U.S. Attorney Office's involvement in either this case or the habeas case. Accordingly, no basis for the appointment of counsel on this ground is shown.

Second, as noted in the defendants' motion to strike, the "no contact" order was relevant in the habeas case to the question of the propriety of the disciplinary measures taken against Biron, and would likewise be relevant in this case for the same reason. (*See* Doc. 47 at 3–4, 6.) To refer to these matters does not mean that this case is a "re-prosecut[ion]" of Biron, (Doc. 48 at 2), but rather reflects that the facts of Biron's conviction and prior court proceedings formed the backdrop against which the prison-official defendants' challenged actions occurred, and these facts cannot simply be excised from this case where the reasonableness of the defendants' actions is at issue. Again, no basis for the appointment of counsel on this ground is shown.

Finally, in a letter Biron asserts that appointment of an attorney is warranted due to possible prejudice from the late receipt of mail in the case, referring in particular to the March 6, 2019 response filed on behalf of the defendants to Biron's motion to strike. (*See* Doc. 49.)  As explained below, there does appear to have been a delay in the transmission of this document to Biron, for which the undersigned apologizes, but no prejudice to Biron was intended or shown.  As background, my normal practice when filing documents by ECF that need to be served by mail is to personally print out the document for placement in the office's outgoing mail.  I thought I had done this with the March 6th filing as per my normal routine, but a few days later when sorting and organizing files for various cases I came across a copy of the filing in Biron's case.  I then started to second-guess whether this document had in fact gone out in the mail to Biron.  I had not designated that certified mail be used and could not confirm mailing and/or receipt through a USPS tracking number, so to make sure Biron did in fact receive the document I put a copy in the mail at that time (resulting in the March 11th postmark that Biron references).

Biron next filed a reply dated March 12th which addressed the March 6th response, and given this timing I concluded that the document had in fact gone out on March 6th as intended, and that the March 11th mailing had been duplicative.  But Biron's letter (Doc. 49) indicates that she used a copy of the March 6th filing from PACER to prepare her reply, not a copy received from our office.  Based on that, it seems that the March 11th mailing was the only copy Biron received from our office, and that the document was not sent on March 6th as I intended and as I thought had occurred.  I

**Response to Plaintiff's Request for Counsel – Page 3**

apologize for this mistake.  It was an inadvertent error and I had no intent to prejudice Biron's ability to litigate this case or provide an incorrect certificate of service, and I do not believe any prejudice did result.  Going forward, I will use certified mail for any mailings to Biron to ensure that transmission and receipt of all documents can be readily confirmed.

        Respectfully submitted,

        ERIN NEALY COX
        United States Attorney

        /s/ Brian W. Stoltz
        Brian W. Stoltz
        Assistant United States Attorney
        Texas Bar No. 24060668
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Telephone:  214-659-8626
        Facsimile:   214-659-8807
        brian.stoltz@usdoj.gov

        Attorneys for Defendants Upton, Cimperman (Carter), Wenger, Kingsley, and Smith-Branton

## Certificate of Service

On March 22, 2019, I served the foregoing document on plaintiff Lisa Biron by mailing it to her via certified mail # 7018 2290 0001 4480 3591, addressed as follows:

    Lisa Biron # 12775-049
    FCI Waseca
    P.O. Box 1731
    Waseca, MN 56093

        /s/ Brian W. Stoltz
        Brian W. Stoltz
        Assistant United States Attorney