IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA BIRON, <br> (BOP No. 12775-049) <br> <br> Plaintiff, <br> V. <br> <br> JODY UPTON, Warden, <br> FMC-Carswell, et al. <br> <br> Defendants. | § § § § § § § § § § § | Civil Action No. 4:15-cv-205-O |

**ORDER DENYING MOTION TO STRIKE and FOR APPOINTMENT OF COUNSEL
and EXTENDING TIME FOR RESPONSE TO THE MOTION TO DISMISS**

In this case, Plaintiff Lisa Biron filed a first amended complaint and, after the service of summons, Defendants Jody Upton, Lauren Cimperman, Officer Winger, Lieutenant Kingsley, and E. Smith-Branton collectively filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss, ECF No. 45. Rather than respond, Biron filed a motion to strike Defendant's motion to dismiss. Mot Strike, ECF No. 46. Defendants filed a response to Biron's motion to strike. Resp., ECF No. 47. Biron then filed a reply but incorporated a motion for appointment of counsel. Reply/Mot. Counsel, ECF No. 48. Defendants filed a response to Biron's motion for counsel (ECF No. 50). After review and consideration, the Court finds that Biron's motions must be denied.

**I.      MOTION TO STRIKE**

Biron was previously convicted of various federal sex offenses in the District of New Hampshire. *See Biron v. United States*, No. 16-CV-108-PB, 2017 WL 4402394 (D.N.H. Oct. 2, 2017). As detailed by the New Hampshire federal court in its order denying Biron's motion under 28 U.S.C. § 2255, the victim of Biron's crimes was her then-14 year old daughter (identified as R.B.). *Id.* at *1. Biron had arranged for her daughter to enter into a sexual

relationship with an adult man over the internet, and transported her daughter to a hotel in Canada so that both Biron and the daughter could have sex with the man (including encounters that were filmed by Biron). *Id.* at *2–3. Biron also arranged through an advertisement placed on Craigslist for a different man to have sex with the daughter on multiple occasions (including in a filmed encounter on a couch in front of Biron). *Id.* at *2. Biron was convicted in a jury trial of eight counts: transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) (Count 1); six counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a) (Counts 2–7); and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B) (Count 8). *Id.* at *1, *3. She was sentenced to 480 months in prison. *Id.* at *1.

In this civil action filed while Biron was then housed at FMC-Carswell in Fort Worth, Texas, she asserts claims against various FMC-Fort Worth officials under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that they improperly interfered with her First Amendment right to contact the victim ("R.B.") of her underlying sexual offenses. First Am. Compl. 4–10, ECF No. 27. In Biron's motion to strike, she seeks to strike Defendants' motion or to expunge or obtain a protective order with respect to certain information in the motion. Mot. Strike 1–2. ECF No. 46. Specifically, Biron argues that Defendants' motion to dismiss refers to allegedly "private and protected information" from a family court proceeding in New Hampshire in which Biron was ordered to have "no contact" with her victim/daughter. *Id.* But for the reasons set forth in the Defendants' Response to the motion to strike, the information Biron seeks to limit is already

a matter of public record in several other judicial proceedings, and Biron fails to show that it is somehow protected or that she is entitled to the relief of striking the Defendants' motion to dismiss. Therefore, Biron's motion to strike will be denied.

**II.      MOTION FOR APPOINTMENT OF COUNSEL**

Biron moves for appointment of counsel. "A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F. 3d 510, 512 (5th Cir. 1994). Although 28 U.S.C. § 1915(e)(1) provides that a court "may request an attorney to represent any person unable to afford counsel", the courts are not empowered to make compulsory appointments in civil actions. *Mallard v. U.S. Dist. Court for the Southern Dist. Of Iowa*, 490 U.S. 196, 302-02 (1989).

In making a determination as to whether to appoint counsel in a civil rights case, the Court may base its decision on several factors, including:

1. the type and complexity of the case;

2. the plaintiff's ability to present and investigate his case;

3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and

4. the likelihood that appointment will benefit the plaintiff, the court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citing *Murphy v, Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992) (quoting *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991))).

After review and consideration of the motion under the exceptional circumstances standard and the enumerated factors, the Court concludes that the motion must be denied. First, as Biron has

3

previously informed the Court, she was an attorney before her conviction. Mot. Req. TRO 2, ECF No. 12. Otherwise, the Court has reviewed Biron's pleadings and motions, and finds that she has not shown an inability to set forth her claims for relief or that extraordinary circumstances are involved which would justify the appointment of counsel at this stage of the case. There is nothing in the record to indicate that Biron is not able to present her case. The mere fact that she is currently incarcerated or proceeding *pro se* is insufficient to demonstrate the "extraordinary circumstances" required to justify appointment of counsel.

Biron raises other arguments for appointment of counsel, contending that she is in need of counsel because the U.S. Attorney's office, in filing the motion to dismiss, revealed the existence and terms of a "no-contact" order entered against her in a New Hampshire court proceeding, and is thus conflicted. Mot. Appointment of Counsel 1–3, ECF No. 48. Biron's arguments on this point are without merit, as the presence of such an order was at issue long before the Office of the U.S. Attorney was involved in this case. Furthermore, any argument that the attorney for the defendants is attempting to re-prosecute Biron is rejected, as the facts and circumstance of Biron's underlying prosecution and any other proceedings relating to her then minor daughter victim, are at issue in the claims made the basis of this case. Thus, Biron's request for appointment of counsel arising from the dissemination of prior related orders is denied.

Lastly, Biron contends she needs counsel because the U.S. Attorney has, on two instances, certified mail service upon her with an incorrect date. March 21, 2019 Public Correspondence, ECF No. 49; April 5, 2019 Notice to the Court, ECF No. 51. The first five-day delay (from March 6 until March 11) has been explained and Biron was not prejudiced because she was able to file a reply. Reply, ECF 48. Biron also complains, in a "Notice to the Court" prepared on April 1, 2019 (ECF No.

50) of delayed delivery of the U.S. Attorney's response to her motion for counsel (ECF No. 51). But, again Biron prepared that Notice on April 1, 2019, showing that she had received the response to her motion for counsel in time to prepare and file a reply. So she was not prejudiced by this second delay. Thus, the delay in delivery of two documents prepared by the U.S. Attorney does not justify appointment of counsel.[1]

### III.   ORDER

It is therefore **ORDERED** that Biron's motion to strike Defendants' motion to dismiss (ECF No. 46), and Biron's motion/request for appointment of counsel (ECF No. 48), are **DENIED**.

It is further **ORDERED** that the time for Biron to file a response to the February 5, 2019 motion to dismiss (ECF No. 45) is **extended** until **May 8, 2019.**

**SO ORDERED** this **8th day** of **April, 2019.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] In the future, the Office of the U.S. Attorney should insure that any document filed in this case is actually placed in the mail on the same date as the signed certification.